Whitehead, J.
The motion to dismiss is allowed in part and denied in part. With respect to Count I, no construction of the facts as alleged permits the conclusion that the relationship between plaintiff and defendant was commercial in nature. Given that the defendant was not engaged in trade or commerce with the plaintiff there can be no recovery under G.L.c. 93A. Tetrault v. Mahoney Hawkes and Goldings, 425 Mass. 456, 463 (1997). See also First Enterprises Limited v. Cooper, 425 Mass. 244, 347-48 (1997).
With respect to Count II, Massachusetts law is unsettled as to the scope of any immunity which an attorney might enjoy against a challenge by non-clients to his initiation of litigation. See generally Beecy v. Priciarelli, 387 Mass. 589, 593, fn. 7 (1982). The trend may well be toward limiting that immunity. Id. Even were such immunity still deemed to cover most situations where the attorney was purporting to act in the interests of his client, that is not the situation alleged here. What is alleged here is that the attorney has commenced repeated suits solely to advance his own interests and that the client is merely a dupe who has lent her name as a party plaintiff. Any policies advanced by principles of attorney immunity are not relevant to that kind of situation and, hence, in the view of the Court, the immunity cannot extend to it.
As to the substance of the claim set forth in Count II, the Court notes that conduct over and above the bringing of groundless litigation is alleged. The Court is not prepared to say, as a matter of law, that the totality of the defendant’s alleged conduct was not sufficiently “extreme and outrageous” to satisfy the core element of a claim for intentional infliction of emotional distress.